**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGABERTO PASTOR WILSON-GARCIA,<br><br>          Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No. 22-695<br><br>Agency No.<br>A071-831-143<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024[**]

Before:     TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Rigaberto Pastor Wilson-Garcia, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for deferral of removal

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We grant the petition for review and remand.

The agency found that Wilson-Garcia failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Honduras.  Substantial evidence does not support this finding.  *See* 8 C.F.R. §§ 1208.16(c)(3), 1208.18(a)(1), (7).  Specifically, the country conditions evidence in the record includes reports of an increasing level of violence towards transgender people in 2019, with Honduras estimated as having one of the highest murders rates for transgender people in the world, the arbitrary arrests of transgender women, the role state security agents had in violence against LGBTQ+ people, and a restriction in legal protections.

Because the agency failed to address this relevant evidence, we grant the petition for review and remand Wilson-Garcia's CAT claim to the agency for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Parada v. Sessions*, 902 F.3d 901, 914-16 (9th Cir. 2018) (court remanded where "the agency erred by failing to consider all relevant evidence" as to CAT relief); *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011)

(indications of the agency's failure to properly consider all of the relevant evidence include "failing to mention highly probative or potentially dispositive evidence").

We do not consider the materials Wilson-Garcia references in her opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

We deny Wilson-Garcia's request for judicial notice.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**